Sarina AMIEL, Petitioner–Appellant,

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 98–2135.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 14, 1999.

Decided: April 13, 2000.

Anthony N. Iannarelli, Jr., New York, New York, for Petitioner–Appellant.

Edgardo Ramos, Assistant United States Attorney (Zachary W. Carter, United States Attorney, Eastern District of New York; David C. James, Assistant United States Attorney, of counsel), Brooklyn, New York, for Respondent–Appellee.

Before: WINTER, Chief Judge, NEWMAN, and WALKER, Circuit Judges.

WINTER, Chief Judge:

Sarina Amiel appeals from Judge Platt's summary denial of her 28 U.S.C. § 2255 petition to vacate a conviction and sentence for mail fraud and conspiracy to commit mail fraud. We granted a certificate of appealability on the issue of whether the district court erred in denying appellant's motion without holding an evidentiary hearing on her claim that trial counsel provided ineffective assistance because he labored under a conflict of inter-

est. *See Amiel v. United States,* No. 98–2135 (2d Cir. Dec. 1, 1998). We vacate the district court's order insofar as it denied appellant's ineffective assistance claim and remand to the district court for further proceedings.

## BACKGROUND

Appellant was convicted in 1995 of mail fraud and conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 371 and 1341, for her role in a counterfeit art work ring. *See United States v. Amiel,* 95 F.3d 135, 137 (2d Cir.1996). She was indicted and tried with her mother, Kathryn Amiel, and her aunt, Joanne Amiel. Each had separate trial counsel. Appellant was represented on direct appeal by new counsel.

On appeal, we affirmed appellant's conviction and sentence. *See id.* at 146. We rejected her principal arguments that: (i) her conviction was based on legally insufficient evidence; (ii) the government failed to disclose evidence favorable to appellant as required by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (iii) the conviction and sentence were barred by the Double Jeopardy Clause; and (iv) the trial judge's disparaging comments to a co-defendants' counsel denied appellant a fair trial. *See Amiel,* 95 F.3d at 141–46. We did not, however, consider whether appellant was denied effective assistance of trial counsel because her appellate counsel did not raise such a claim.

On September 4, 1997, appellant filed the instant motion *pro se,* advancing four grounds for relief: (i) that she received ineffective assistance of counsel; (ii) that her prosecution violated the Double Jeopardy Clause; (iii) that the government violated its *Brady* obligations; and (iv) that the district court erred in applying the United States Sentencing Guidelines. In

support of her ineffective assistance claim, appellant averred generally that her trial counsel did not present exculpatory evidence. In response to the government's opposition to her motion, however, appellant alleged that trial counsel's failure to do the following rendered his assistance ineffective:

(i) present evidence that appellant was a "very minor participant" in the counterfeit ring;

(ii) elicit that appellant was away at college while the conspiracy was ongoing;

(iii) cross-examine a handwriting expert when doing so would have "separated" appellant from her co-defendants;

(iv) introduce exculpatory notes taken during a meeting in Paris; and

(v) present certain exculpatory evidence concerning student air fares.

Appellant added to these allegations the related allegation that her trial counsel labored under a conflict of interest, stating as follows:

Counsel for PETITIONER was retained by co-defendant/mother and did not have PETITIONER'S best interest in mind. The outcome would have been different. Counsel would not allow PETITIONER to testify on [her] own behalf, under advice of co-defendant/mother and not in PETITIONER'S best interest.

\* \* \* \*

There is information that, had SARINA AMIEL been put on the witness stand, could have been cleared up. The attorneys for co-defendants did not want PETITIONER to testify but, because the co-defendant paid for PETITIONER'S attorney, PETITIONER'S best interest was not brought forth.[1]

---

1. On appellant's *pro se* motion for a certificate of appealability, she further stated:

Counsel forbade APPELLANT to testify at trial, even though APPELLANT indicated

numerous times that she would like to do so. Counsel told APPELLANT, "[I]f you testify, your mother will go to jail. If you testify, you won't be convicted, but I [appel-

The district court summarily denied appellant's motion. We granted appellant's ensuing certificate of appealability on the issue of whether the district court erred in denying her motion without first holding a hearing on the ineffective assistance claim. We denied a certificate as to the other grounds for relief asserted in her Section 2255 motion.

## DISCUSSION

Section 2255 provides, in pertinent part, that "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255. We agree with appellant that she was entitled to a hearing on her ineffective assistance claim.

 We note at the outset that appellant's claim is not procedurally barred. A defendant is generally permitted to raise an ineffective assistance claim in a collateral attack, even when the claim was not raised on direct appeal. *See Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir. 1993) ("[I]n most cases there is good reason to allow a defendant to make ineffective assistance claims on collateral attack even if those claims were not brought on direct appeal."). In *Billy–Eko,* we established the following exception to this general rule: absent a showing of cause for the procedural default and actual prejudice, a defendant may not raise an ineffective assistance claim for the first time on collateral attack if the defendant had new counsel on direct appeal and the claim is based solely on the record developed at trial. *See id.* at 115–16; *see also id.* at 113–14 ("[W]here a petitioner does not bring a claim on direct appeal, he is barred from raising [it] in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom."). Appel-

lant's counsel] have to think of your moth-

lant was represented by new counsel on direct appeal, but her claim is based on events outside the trial record, namely, counsel's alleged off-the-record statements and alleged disloyal reasons for failing to pursue a reasonable trial strategy. Appellant's claim is thus preserved.

 Turning to the merits, a defendant has suffered ineffective assistance of counsel in violation of the Sixth Amendment if her attorney has a potential conflict of interest that prejudices the defendant or an actual conflict of interest that adversely affected the attorney's performance because it resulted in an actual lapse in representation. *See Winkler v. Keane,* 7 F.3d 304, 307, 309 (2d Cir.1993); *see also Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *United States v. Levy,* 25 F.3d 146, 152 (2d Cir.1994).

 Appellant's submissions establish a *prima facie* case for relief on her ineffective assistance claim. First, she has sufficiently alleged that her trial counsel had an actual conflict. An attorney labors under an actual conflict of interest for Sixth Amendment purposes if, during the course of the representation, the interests of the attorney and his client "diverge with respect to a material factual or legal issue or to a course of action." *Winkler,* 7 F.3d at 307 (quoting *Cuyler,* 446 U.S. at 356 n. 3, 100 S.Ct. 1708 (Marshall, J., concurring in part, dissenting in part)); *see also United States v. Malpiedi,* 62 F.3d 465, 469 (2d Cir.1995); *Lopez v. Scully,* 58 F.3d 38, 41 (2d Cir.1995).

Appellant alleges that her mother, who was a co-defendant, paid her trial counsel's fees. Thereafter, it is alleged, trial counsel advised appellant not to testify, even though testifying was in appellant's best interests, because doing so would inculpate appellant's mother whom counsel sought to protect. If these facts were established at a factual hearing, they would entitle appellant to relief on the ground that trial coun-

er."

sel abdicated his duty of loyalty by permitting a third party who paid his fees to influence his professional judgment in representing appellant. *See* N.Y. Jud. Law DR 5–107(b) ("[A] lawyer shall not permit a person who ... pays the lawyer to render legal service for another to direct or regulate his ... professional judgment in rendering such legal services...."); Model Rules of Professional Conduct Rule 1.7(b) (providing that it is conflict of interest for lawyer to "represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to ... a third person" unless representation will not be adversely affected and client consents); *cf. In re Grand Jury Subpoena Served upon Doe,* 781 F.2d 238, 248 n. 6 (2d Cir.1986) (en banc) ("Accepting payment of clients' fees from a third party may subject an attorney to undesirable outside influence, particularly ... in criminal matters [where] the third party is the head of a criminal enterprise of which the clients are members. In such a situation, an ethical question arises as to whether the attorney's loyalties are with the client or the payor." (citation omitted).

■ For similar reasons, appellant has also adequately alleged the requisite "lapse in representation." *Winkler,* 7 F.3d at 309 ("To demonstrate adverse effect, a defendant must establish that an 'actual lapse in representation' resulted from the conflict." (citation omitted)). To show a lapse in representation, a defendant need not demonstrate prejudice—that the outcome of her trial would have been different but for the conflict—but only "that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *United States v. Stantini,* 85 F.3d 9, 16 (2d Cir.1996) (internal quotation marks omitted); *see also Malpiedi,* 62 F.3d at 469 ("[O]nce the defendant establishes that there was an actual conflict, he need not prove prejudice, but simply that a 'lapse in

representation' resulted from the conflict.")

Appellant's submissions tend sufficiently to show that she could have minimized her culpability by testifying and submitting certain evidence not presented at trial and that trial counsel chose not to pursue this strategy due in part to his fealty to appellant's mother. Appellant has thus alleged the occurrence of a type of lapse in representation that is an "inherent danger[ ]" whenever an attorney represents one party, but is paid by another. *Wood v. Georgia,* 450 U.S. 261, 268–69, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981) ("One risk [when a defendant is represented by a lawyer paid for by a third-party who operates a criminal enterprise] is that the lawyer will prevent his client from obtaining leniency by preventing the client from offering testimony against [the third party] or from taking other actions contrary to [the third party's] interest.").

The district court therefore erred in summarily denying appellant's motion on the ineffective assistance claim because the record does not "conclusively show that [appellant] is entitled to no relief." 28 U.S.C. § 2255 (requiring "prompt hearing" on Section 2255 motion unless record "conclusively show[s] that the prisoner is entitled to no relief"). Accordingly, we remand the case to the district court for further proceedings on appellant's ineffective assistance claim. *See Ciak v. United States,* 59 F.3d 296, 307 (2d Cir.1995) (noting that hearing is required on Section 2255 motion claiming ineffective assistance where "[p]etitioner alleged facts, which, if found to be true, would have entitled him to relief"); *United States v. Aiello,* 814 F.2d 109, 114 (2d Cir.1987) (remanding Section 2255 motion for further proceedings where submissions revealed that petitioner's counsel may have been controlled by co-defendant's counsel); *cf. Strouse v. Leonardo,* 928 F.2d 548, 554 (2d Cir.1991) ("Where a habeas petitioner alleges facts that, if proven, would entitle him to relief, a federal court must hold an evidentiary

**200**

hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court." (internal quotation marks omitted)).

## CONCLUSION

We therefore vacate the district court's order insofar as it denied appellant's ineffective assistance of counsel claim and remand for further proceedings.