**Frank Michael PARISE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 3:95CR00135 (PCD), 3:00CV01046 (PCD).**

United States District Court, D. Connecticut.

Oct. 25, 2000.

Frank Michael Parise, FCI Fort Dix, Fort Dix, NJ, petitioner pro se.

Tracy W. Young, New York City, for Frank Michael Parise, petitioner.

### RULING ON MOTION FOR RECONSIDERATION

DORSEY, Senior District Judge.

Petitioner moves for reconsideration of his motion to vacate judgment and sentence submitted pursuant to 28 U.S.C. § 2255. He argues that he attempted to amend the initial motion one day prior to the Court's denial of said motion, but the amended motion was returned to counsel for procedural reasons. As petitioner filed a notice of appeal shortly after his motion for reconsideration, the Court lacked jurisdiction to rule on this motion until the appeal was denied on September 28, 2000. The Government has not filed a response.

In the interests of justice, the motion for reconsideration is granted. For the reasons discussed below, the motion to vacate petitioner's sentence is also **granted.**

## I. BACKGROUND

Frank Michael Parise was one of five defendants prosecuted for participating in a narcotics conspiracy spanning a period from May 1995 to September 1995. A federal jury convicted him in December 1996 of possessing cocaine with intent to distribute, 21 U.S.C. § 841(a), and conspiring to possess cocaine with intent to distribute, 21 U.S.C. § 846. At his August 1997 sentencing, he was fined $12,500 and sentenced to a 240–month prison term, to be followed by 10 years of supervised release.

At trial, Parise was represented by Lawrence Herrmann, Esq. Herrmann was permitted to withdraw upon the appearance of replacement counsel, who represented Parise at sentencing and on appeal. This withdrawal was precipitated by an embittered fee dispute between Hermann and petitioner. On appeal, Parise argued for reversal of his sentence and conviction based on ineffective assistance of trial counsel. He claimed error because: 1) although Herrmann had disclosed to the Court that he had an "ethical problem" representing his client, he still served as trial counsel; 2) Herrmann elicited evidence of Parise's prior bad acts at trial; and 3) Herrmann failed to call a witness who Parise claims could have verified his version of an intercepted phone call. Highlighting his conflict of interest with trial counsel, Parise noted that, following his conviction, Herrmann sued him for nonpayment of fees. He also pointed to a post-conviction letter to the Court in which Herrmann, renewing his motion to withdraw, referred to petitioner as a "larcenous deceitful man ... who has the morality of a protozoa [sic]." *United States v. Luciano,* 158 F.3d 655, 658–59 (2d Cir. 1998) (quoting letter).

Dissatisfied with appellate counsel, Parise now has new counsel handling the various incarnations of his § 2255 petition. Presenting a laundry list of failures, most of which were addressed in the Court's prior ruling denying the petition, Parise argues ineffective assistance of appellate counsel. He also claims that, pursuant to *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) and *Apprendi v. New Jersey,* —— U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence was improperly enhanced in violation of the Fifth and Sixth Amendments to the United States Constitution.

## II. DISCUSSION

■ Petitioner moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which provides that

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In general, such remedy is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). This narrow scope of review is intended "to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir .1996).

Where a petitioner fails to raise a claim on direct appeal, a remedy under § 2255 is unavailable "unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." *Billy–Eko v. United States,* 8 F.3d 111, 113–14 (2d Cir.1993). Cause and prejudice need not be shown for failure to raise ineffective assistance of counsel claims unless both (1) petitioner was represented by new counsel on appeal, and (2) the claims are based solely on the record developed at trial. *See id.* at 115. Where an ineffective assistance of counsel claim specifically deals with counsel's deficiencies during the appeal process, a § 2255 petition may raise issues that otherwise should have been brought on direct appeal to avoid injustice. *C.f. Hooper v. United States,* 112 F.3d 83, 87 (2d Cir.1997) (explaining that, where counsel failed to file timely Notice of Ap-

peal, defendant could seek relief on ineffective assistance of counsel grounds).

### A. *Enhancement of Sentence*

Petitioner contends that the applicable statutory minimums and maximums were improperly increased based on 1) findings of facts as to the drug quantity involved that were neither in the indictment nor presented to the jury, and 2) a prior conviction for a felony drug offense. He claims that drug type and quantity, as separate elements of the offense, must be charged in the indictment and proven beyond a reasonable doubt. Similarly, he argues that requiring increased punishment for a prior conviction is also unconstitutional. Although petitioner did not raise these claims on appeal, they are properly considered here given their constitutional dimension and the intervening Supreme Court decisions, i.e., *Jones* and *Apprendi.*

*Jones* examined whether the federal carjacking statute, 18 U.S.C. § 2119, set forth "three distinct offenses or a single crime with a choice of three maximum penalties, two of them dependent on sentencing factors exempt from the requirements of charge and jury verdict." *Jones,* 526 U.S. at 229, 119 S.Ct. 1215 (referring to heightened penalties where serious bodily injury or death results from carjacking). "Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." *Id.* at 232, 119 S.Ct. 1215. Concluding that Congress most likely intended to create separate offenses rather than sentencing factors, *see id.* at 235, 119 S.Ct. 1215, and given the serious constitutional implications of the alternative interpretation, *see id.* at 239, *Jones* construed § 2119 "as establishing three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and

submitted to a jury for its verdict," *id.* at 252, 119 S.Ct. 1215.

*Apprendi*, building on *Jones*, squarely addressed whether due process requires a jury to decide beyond a reasonable doubt any facts that would authorize an increase in a maximum prison sentence. *See Apprendi*, —— U.S. at ——, 120 S.Ct. at 2351. In particular, *Apprendi* examined a New Jersey hate crime statute that allowed a trial judge to impose an extended term of imprisonment if he or she found, by a preponderance of the evidence, that " '[t]he defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity.' " *Id.* (quoting N.J.Stat.Ann. § 2C:44–3(e) (West Supp. 2000)). In making a distinction between elements and sentencing factors, *Apprendi* found the relevant inquiry to be whether the required factual finding would "expose the defendant to a greater punishment than that authorized by the jury's guilty verdict." *Id.* at 2265. Except for the fact of a prior conviction, any fact that increases a criminal penalty beyond the statutory maximum for the offense charged must be presented to the jury and proven beyond a reasonable a doubt. *See id.* at 2362–63.

In the case at bar, petitioner argues that, under *Jones* and *Apprendi*, his maximum penalty was improperly increased from forty years under 21 U.S.C. § 841(b)(1)(B)(ii) to life imprisonment under 21 U.S.C. § 841(b)(1)(A)(ii). The indictment charged him with conspiracy to possess with intent to distribute 500 grams or more of cocaine, 21 U.S.C. § 846, and knowingly and intentionally possessing with intent to distribute 500 grams or more of cocaine, 21 U.S.C. § 841(a)(1). Petitioner contends that, at sentencing, the Court found more than five but fewer than fifteen kilograms were attributable to him, thereby increasing the maximum penalty based on facts that were neither in the indictment nor presented to the jury. Accordingly, petitioner argues that his sentence should be vacated since the enhanced punishment violated his Fifth and Sixth Amendment rights.

Section 841(b)(1)(B)(ii) provides that, *inter alia*, where a violation of § 841(a) involves 500 grams or more of a mixture or substance containing a detectable amount of cocaine, the defendant shall be sentenced to a term of imprisonment not less than 5 years but not exceeding 40 years, absent death or serious bodily injury resulting from the use of the substance. Section 841(b)(1)(A)(ii) provides that where 5 kilograms or more are involved, the defendant shall be sentenced to a minimum of 10 years and a maximum of life imprisonment, where there is no resulting death or serious bodily injury.

In its Memorandum in Support of a Motion for an Upward Departure, and in Aid of Sentencing, the Government agreed with the presentence report's determination that defendant's relevant offense conduct involved 5 kilograms or more of cocaine, but less than 15 kilograms. Given the defendant's criminal history, the imprisonment range was 188–235 months. Further, as defendant had previously been convicted of a narcotics trafficking offense, and given the determination that between 5 and 15 kilograms of cocaine were involved, the Government contended he was subject to a mandatory minimum of twenty rather than ten years. *See* 21 U.S.C. § 841(b)(1)(A). Accordingly, the Guidelines Offense level was subordinated to the resulting mandatory minimum of 240 months. The motion to depart upward based on defendant's role in the defense was denied, and he was sentenced to 240 months.

■ The penalties prescribed in § 841(b) cannot be viewed as mere sentencing factors given *Jones* and *Apprendi*. As the mandatory minimums are dependent on the quantity of drugs involved, a jury must decide the specific question of said quantity beyond a reasonable doubt or else the defendant could be exposed to a sentence not authorized by the jury's

guilty verdict. Although a second or successive petitioner under § 2255 can only make a claim pursuant to a new constitutional rule if the Supreme Court declares the rule shall apply retroactively, Parise's petition is deemed to be an amended not a second petition, and thus review is not so restricted.[1]

■ *Apprendi*'s burden of proof and jury requirements are limited to facts that enhance a penalty beyond that statutorily authorized. It does not impact the authority of a sentencing court to consider factors, pursuant to the Sentencing Guidelines, not charged in the indictment and proven beyond a reasonable doubt—unless the application of the Guidelines brings the sentence outside of the authorized range. In the case at bar, it was not improper to determine the Guidelines sentencing range based on the Court's finding that at least 5 kilograms of cocaine were involved as the range was within that prescribed by 21 U.S.C. § 841(b)(1)(B)(ii), i.e., the statute under which he was indicted for 500 grams or more of cocaine.

■ The inquiry does not end there, however, because Parise was sentenced to 240 months based on a statutory enhancement for having a prior felony drug conviction. The Government filed a Second Offender Information providing notice that 1) it was seeking an enhancement based on the prior conviction, and 2) the quantity of cocaine involved exceeded five kilograms. Thus, the Government submitted that, pursuant to 21 U.S.C. § 841(b)(1)(A), a mandatory minimum of twenty years applied. As the Court agreed that the quantity exceeded five kilograms, and the corresponding sentencing enhancement was thereby triggered based on the prior conviction, Parise's sentence was bumped to 240 months in accordance with the mandatory minimum.

Section 841(b)(1)(A) provides that "[i]f any person commits such a violation [involving 5 kilograms or more] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." In contrast, the range for a violation involving 500 grams or more where there is a prior felony drug conviction is ten years to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). While the 240 months sits within the permitted range for the crime for which Parise was convicted, the justification for enhancing the sentence above the range authorized by the Sentencing Guidelines was a statute under which he was not indicted. The Guidelines range already factored in his criminal history and the Court's finding of 5 kilograms. Thus, by relying on § 841(b)(1)(A) as authority for enhancing the sentence from 188–235 months to 240 months, the Court necessarily made a finding of fact that subjected Parise to a greater sentence than that authorized by the jury's verdict.

■ This case is distinguishable from *Apprendi* in that *Apprendi* focused on criminal penalties that were beyond the statutory maximum. Here, Parise's sentence did not exceed that set by § 841(b)(1)(B). However, the principles upon which *Apprendi* relied are equally applicable in the instant case where the criminal penalty involved exceeded that provided by the Sentencing Guidelines. Sections 841(b)(1)(A) and (B) are no doubt "separate offense[s] calling for ... separate penalt[ies]." *Apprendi*, — U.S. at ——, 120 S.Ct. at 2365 (citation and internal quotation marks omitted). By applying the prior conviction provision of

---

1. Whereas a "second or successive motion must be certified as provided in section 2244 ... to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," the initial petition need only show "that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

§ 841(b)(1)(A), Parise was exposed to a greater punishment than he would have received under § 841(b)(1)(B), as the former triggered a mandatory minimum that required raising the sentence he otherwise would have received under § 841(b)(1)(B) and the Sentencing Guidelines. The maximum sentence statutorily authorized in Parise's case, given the Guidelines, was 235 months. Using a statute under which he was not convicted as authority for enhancing his statute was not proper.[2]

Accordingly, petitioner's motion to vacate his sentence is hereby granted. Petitioner shall remain incarcerated pending resentencing.

### B. *Ineffective Assistance of Counsel*

Petitioner argues that his ineffective assistance of trial counsel and conflict of interest claims were not fully addressed in his appeal to the Second Circuit because of appellate counsel's failure to raise certain arguments, thereby constituting ineffective assistance. This claim was addressed and dismissed in the Court's ruling on Parise's initial petition. There is no basis for reviving this argument. Petitioner also claims ineffective assistance of counsel for failing to raise at sentencing 1) that the District Court lacked jurisdiction to enhance Parise's sentence for prior convictions under 21 U.S.C. § 851, and 2) additional meritorious grounds for finding insufficient evidence to support enhancement based on relevant drug weights.

To prevail on an ineffective assistance claim, petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must overcome the strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. 2052. Also, petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

### 1. *Enhancement Under § 851*

Petitioner argues ineffective assistance based on sentencing counsel's failure to object to his sentence enhancement under 21 U.S.C. § 851. He claims that the Government failed to serve the Second Offender Information before the start of trial, as required by the statute, thereby depriving the Court of jurisdiction to enhance his sentence.

Section 851 provides that a defendant's sentence cannot be enhanced for having a prior conviction "unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851. "Before trial" means prior to jury selection. *See United States v. White*, 980 F.2d 836, 842 (2d Cir.1992). In the instant case, petitioner claims that, although the Government filed the notice the day before jury selection and certified mailing it to his attorney that same day, Parise did not learn about the notice until the prosecutor gave it to Herrmann during the second day of jury selection. He does not contest that it was mailed, only the validity of a last minute mailing.

---

**2.** Petitioner also argues that it is unconstitutional to increase punishment based on a prior conviction that was neither charged in the indictment nor presented to the jury. *Apprendi* belies this position: *"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* —— U.S. at —— - ——, 120 S.Ct. at 2362–63 (emphasis added).

Fed.R.Crim.P. 49(b) requires service to be made upon the attorney of a represented party. Such service is to be made "in the manner provided in civil actions." Fed.R.Crim.P. 49(b). Fed.R.Civ.P. 5, which governs service in civil actions, provides that "[s]ervice by mail is complete upon mailing." Fed.R.Civ.P. 5(b). Whether it was a "last minute mailing" is of no consequence as the Government adhered to the Federal Rules. Moreover, requiring service and filing prior to jury selection helps protect against a defendant's not having sufficient time to decide whether to plead guilty or go to trial—in the instant case, jury selection was two months prior to when the trial actually began, i.e., when the parties began to present their cases. No prejudice resulted, and thus this argument does not serve as a basis for vacatur.

### 2. *Enhancement Based on Relevant Drug Weights*

Petitioner claims that sentencing counsel failed to make key objections and arguments at sentencing with respect to the relevant drug weights. As the drug weights impacted his base offense level under the Sentencing Guidelines, and subjected him to a higher mandatory minimum under 21 U.S.C. § 841, petitioner argues prejudice.

■ Given the Second Circuit's finding that "Parise ... replaced his conflicted [trial] counsel with new counsel who rigorously protected his interests at sentencing," *Luciano,* 158 F.3d at 661, and that sentencing counsel more than adequately briefed the issue of drug weights with respect to Parise's base offense level, the fact that counsel did not raise *every* argument regarding the drug weights is unavailing. The resulting mandatory minimum, as discussed above, was improper, thereby mooting the question of whether sentencing counsel was ineffective on this issue.

### III. CONCLUSION

Petitioner's motion for reconsideration (doc. 1052) is **granted.** For the reasons discussed herein, the amended petition to vacate sentence (doc. 1050) is also **granted.** Petitioner shall remain incarcerated pending resentencing.

SO ORDERED.