**Duane BEATTY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Nos. 00 Civ. 9097(SHS)
No. 94 CR. 631(SHS).

United States District Court,
S.D. New York.

April 17, 2001.

Duane Betty, Lompoc, CA, pro se.

*OPINION & ORDER*

STEIN, District Judge.

Duane Beatty brings this pro se petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence for possession with intent to distribute "crack" cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). He contends that: (1) his sentence violated his due process rights pursuant to *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in that the quantity of drugs for which he was held responsible was not submitted to the jury or proved beyond a reasonable doubt, (2) he was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel had a conflict of interest, (3) he was denied due process by not receiving new counsel at a fact hearing held subsequent to his conviction, (4) he was improperly sentenced because it was not proven by a preponderance of the evidence that he engaged in the uncharged sales of "crack" cocaine attributed to him as relevant conduct for sentencing purposes, (5) the indictment against him should have been dismissed because perjured testimony was presented to the grand jury. For the reasons set forth below, Beatty's petition is denied.

## I. BACKGROUND

On January 17, 1997, Duane Beatty was convicted by a jury of selling "crack" cocaine to a government informant. During the trial, the parties had stipulated that a government chemist, Ann Marie Stec, if called as a witness, would testify that six plastic bags given to the informant by Beatty contained "approximately 500" plastic vials containing 15.5 grams of "a rock-like white substance," which substance contained detectable amounts of "crack." Trial Tr. at 59–61. Accordingly the jury was told not to consider the quantity of "crack" in evaluating Beatty's guilt:

> If you find that the substance involved in this case was crack cocaine, you need not be concerned with quantity. So long as you find that the defendant knowingly distributed or possessed crack cocaine with the intent to distribute it, the amount involved is not important.

Trial Tr. at 370 (Jury Charge).

Attorney Lynne Stewart was Beatty's trial counsel. Beatty had specifically requested that Stewart be appointed after he had twice dismissed other court-appointed attorneys. *United States v. Beatty*, 94 Cr. 631, Hearing Tr. dated April 9, 1997, at 4. Although a defendant seeking free, court-appointed counsel is usually assigned to whichever member of the Criminal Justice Act panel is on duty the day the defendant is arraigned, Judge Schwartz, the prior judge in this case, honored Beatty's specific request to be represented by Stewart. *See id.*

Nonetheless, four months after he was found guilty, Beatty asked the Court to dismiss Stewart and to appoint new counsel to represent him in the hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir.1979) to determine the amount of drugs for which he would be held responsible at sentencing because he believed Stewart suffered from a conflict of interest. *Id.* at 5–7. Specifically, Stewart was facing a New York state charge of criminal contempt of court for refusing to testify before a grand jury regarding a fee arrangement she had with a client. Her asserted reason for refusing to testify was that doing so would result in the disclosure of a client's confidences. *Id.* at 6; Matthew Goldstein, *Lawyer Faces Charge of Criminal Contempt, Testimony on Fee Arrangement Demanded*, N.Y. L.J., April

9, 1997, at 1. A New York state judge had dismissed that charge in 1993, but the case was on appeal before the Appellate Division, First Department, at the time of Beatty's trial. *United States v. Beatty,* 94 Cr. 631, Hearing Tr. dated October 31, 1997, at 21; Goldstein, *supra,* at 1. Beatty alleged that the pending charge created a conflict that in turn caused Stewart to make unsound strategic decisions during his trial. *United States v. Beatty,* 94 Cr. 631, Hearing Tr. dated April 9, 1997, at 3. The Court disagreed and denied Beatty's request to appoint new counsel. *Id.* at 5–6.

Against the repeated and strong advice of the Court, Beatty represented himself during the hearing, rather than have Stewart continue her representation. At the hearing, the Court found by a preponderance of the evidence that Beatty was responsible for the sale of 242 grams of "crack" cocaine as relevant conduct for the purposes of sentencing. Beatty was subsequently sentenced to 14 years in prison plus four years of supervised release.

After the *Fatico* hearing, Beatty moved to set aside the verdict pursuant to Fed. R. Cr. P 33 on the basis of the newly discovered evidence of Stewart's criminal charge. *United States v. Beatty,* 94 Cr. 631, Hearing on October 31, 1997 at 21. He again argued that Stewart's pending criminal charge caused a conflict of interest that violated his Sixth Amendment right to effective assistance of counsel and the Court again denied the motion. *Id.* at 23.

Beatty raised the issue again on appeal with new court-appointed counsel. *United States v. Griffen, et al.,* 98–1460, Brief for Defendant Appellant. The Second Circuit affirmed the judgment of the district court on October 1, 1999. *United States v. Griffen, et al.,* No. 98–1460, 1999 WL 972675, 198 F.3d 235 (2d Cir.1999) (unpublished opinion),[1] and the United States Supreme Court subsequently denied Beatty's petition for a writ of certiorari, *Beatty v. United States,* 528 U.S. 1174, 120 S.Ct. 1202, 145 L.Ed.2d 1105 (2000).

Beatty brought this petition on November 27, 2000. He then moved on January 18, 2001 to amend his petition pursuant to Fed.R.Civ.P. 15 to add a claim that perjured testimony was presented to the grand jury. Specifically, Beatty cites an affidavit of Assistant United States Attorney Sharon L. McCarthy dated July 3, 1997, which was filed in *United States v. Brown,* S2 94 Cr. 631 (S.D.N.Y.), in which McCarthy avers that Brown had perjured himself before the Grand Jury that returned the indictment against Beatty. Beatty had moved to dismiss the indictment before his trial on the grounds that Brown's testimony had been perjured, but after reviewing the facts, including the sealed grand jury testimony, Judge Schwartz found that the Count on which Beatty was ultimately tried was sufficiently supported by testimony independent of Brown. *See United States v. Beatty,* No. 94 Cr. 631, 1996 WL 308677, at \*\*2–3 (S.D.N.Y. June 7, 1996).

## II. DISCUSSION

### A. Sentencing Claims

Even if *Jones* and *Apprendi* can be retroactively applied on initial collateral review, *compare United States v. Moore,* 198 F.R.D. 39, 40–41 (N.D.N.Y.2000), *and Talbott v. State of Indiana,* 226 F.3d 866, 869 (7th Cir.2000), *with Parise v. United States,* 117 F.Supp.2d 204, 207–08 (D.Conn. 2000), Beatty's sentencing arguments are foreclosed by the recent decision of the

---

1. The unpublished opinion is cited throughout this opinion solely as it relates to Beatty's
   case pursuant to section 0.23 of the Local Rules of the Second Circuit.

United States Court of Appeals for the Second Circuit in *United States v. White*, 240 F.3d 127 (2d Cir.2001). In *White*, defendant Luis Noel Cruz argued that his sentence violated his right to due process pursuant to *Apprendi* because at his trial, as here, the drug quantity was not included as an element of the offense charged to the jury. 240 F.3d at 134. Rather, it had been stipulated to by the parties prior to trial. *Id.* The court held that because Cruz entered into the stipulation, and did not object to the failure to include drug quantity in the elements of the offense charged to the jury, any error was harmless. *Id.* at 134–35.

■ Beatty, like Cruz, stipulated at trial to the weight and the admissibility of the drugs he was charged with possessing with intent to distribute and, like Cruz, did not object to the failure to include drug quantity in the elements of the offense charged to the jury. Accordingly, any error was harmless. Moreover, Beatty's sentence of 14 years is less that the 20–year statutory maximum sentence pursuant to 21 U.S.C. § 841(b)(1)(C) for possession with intent to distribute an indeterminate amount of drugs. Thus, his sentence was not imposed in violation of his due process rights pursuant to *Apprendi*, because *Apprendi* does not control "where, as here, factual determinations were used to sentence the defendant to a sentence within the maximum allowed by statute." *White*, 240 F.3d at 136.

## B. Ineffective Assistance of Counsel Claim

At the outset, it is worth noting that Beatty raised on appeal the issue of ineffective assistance of counsel due to a conflict of interest, and the Second Circuit, without discussing the claim, held that it "carefully considered Beatty's remaining arguments and [found] them to be without

merit." *Griffen,* 1999 WL 972675, at *3. Even so, "[a] defendant is generally permitted to raise an ineffective assistance claim in a collateral attack." *Amiel v. United States,* 209 F.3d 195, 198 (2d Cir. 2000) (quoting *Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993)); *Hurtado v. United States,* 2000 WL 890189, at *2 (S.D.N.Y. July 5, 2000). However, "if the defendant had new counsel on direct appeal and the claim is based solely on the record developed at trial" the claim is more appropriately considered on direct appeal, rather than in a petition pursuant to 28 U.S.C. § 2255. *See Amiel,* 209 F.3d at 198 (citing *Billy–Eko,* 8 F.3d at 115–16); *Hurtado,* 2000 WL 890189, at *2. Because Beatty's claim of ineffective assistance includes facts outside the trial record, although included in subsequent hearings, the Court will consider the claim on this petition despite the Second Circuit's ruling on his direct appeal.

■ The right to conflict-free representation is inherent in the Sixth Amendment right to counsel. *Armienti v. United States,* 234 F.3d 820, 823 (2d Cir.2000). Thus, a defendant's Sixth Amendment rights may be violated where either: (1) the district court has knowledge of a possible conflict and fails to make inquiries regarding that conflict; (2) there is a "per se" conflict; (3) there is an actual conflict; or (4) there is a potential conflict. *Id.*

■ Automatic reversal of a conviction is required if the trial court failed to inquire into a known potential conflict or if there was a "per se" conflict—i.e., trial counsel was not authorized to practice law or was implicated in the very crime for which her client was on trial. *See id.* at 823–24. However, neither of these scenarios is applicable here. The Court first learned of the alleged conflict at a post-trial hearing and then fully considered the issue. In addition, there is nothing before

the Court suggesting that Stewart was not authorized to practice law or that she was implicated in the crime for which Beatty was being tried.

█ Reversal may also be required if a defendant's can establish an actual conflict—i.e., "when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action"—coupled with adverse effect—i.e., a failure to pursue a "plausible alternative defense strategy or tactic" that was "inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Id.* at 824 (quoting *United States v. Levy,* 25 F.3d 146, 152 (2d Cir.1994); *Winkler v. Keane,* 7 F.3d 304, 307 (2d Cir.1993)). This type of conflict is not subject to a harmless error analysis— "prejudice is presumed." *Id.*

█ In this case, Beatty alleges that Stewart had an interest in cooperating with the prosecution because of the contempt charges against her. To rise to the level of an actual conflict, however, the agency or office prosecuting the attorney must be the same as the agency or office prosecuting the defendant. *See, e.g., Armienti,* 234 F.3d at 824–25; *Levy,* 25 F.3d at 156; *United States v. Aiello,* 900 F.2d 528, 531–32 (2d Cir.1990); *United States v. Balzano,* 916 F.2d 1273, 1293 (7th Cir. 1990). That was not the case here. Accordingly, Beatty has failed to establish an actual conflict.

Alleged conflicts that are neither "per se" or "actual" are commonly labeled "potential," and are analyzed according to the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for claims of ineffective assistance of counsel. *See Armienti,* 234 F.3d at 824. Specifically, a defendant must show: "(1) that counsel's performance 'fell below an objective standard of reasonableness,' and (2) that there is a 'reasonable probability' that, but for the deficiency, the outcome of the proceeding would have been different." *McKee v. United States,* 167 F.3d 103, 106 (2d Cir. 1999) (quoting *Strickland,* 466 U.S. at 688, 694, 104 S.Ct. 2052); *accord Kleinberg v. United States,* 2000 WL 686213, at *1 (S.D.N.Y. May 25, 2000).

█ Beatty has failed to meet the *Strickland* standard here. As an initial matter, Stewart's performance most certainly did not fall below an objectively reasonable level. The guilty verdict notwithstanding, Stewart was diligent and well prepared. Beatty's conviction resulted from the substantial evidence against him, including the tape recording of his sale of "crack" cocaine to a confidential informant, the expert testimony establishing that the tape was authentic and had not been tampered with, and the testimony of the F.B.I. agent who established the chain of custody for the crack vials and the tape. Indeed, the Second Circuit has expressly held that "all of [Stewart's] alleged errors fit squarely within a sound but ultimately unavailing trial strategy. Counsel provided an adequately vigorous defense." *Griffin,* 1999 WL 972675, at *2.

Moreover, even if the "errors" alleged by Beatty were such that they amounted to a performance "below an objective standard of reasonableness"—which they are not—Beatty has failed to establish a " 'reasonable probability' that, but for the deficiency, the outcome of the proceeding would have been different." For example, Beatty contends that Stewart should have objected to the introduction of the tape recording of Beatty selling "crack" to the confidential informant into evidence. However, such an objection would have been futile because the tape was properly admissible. Beatty also claims that Stew-

art should have objected, rather than stipulated, to the admissibility of the 502 vials of "crack" cocaine that Beatty sold to the informant because a lack of precision on the part of the prosecution's forensic expert with respect to the number of vials indicated a break in the chain of custody. However, the expert's proffered testimony regarding the receipt of "approximately 500" vials does not, standing alone, raise an issue of the chain of custody of the 502 vials that Beatty sold to the informant. Finally, Beatty points to Stewart's failure to request a specific instruction pursuant to *United States v. Barone*, 913 F.2d 46, 49 (2d Cir.1990), that the confidential informant's statements on the tape were not evidence of the truth of the matter asserted. However, as the Second Circuit held in affirming Beatty's conviction, Beatty's own comments on the tape are sufficiently inculpating to establish guilt. *See Griffen*, 1999 WL 972675, at *2. Thus, there is not a reasonable probability that, had the instruction been given, the outcome of the trial would have been different. *Cf. id.*

Because Stewart's representation was not ineffective pursuant to *Strickland*, Beatty's Sixth Amendment claim is denied.

### C. Due Process and Preponderance of the Evidence Claims

■ Beatty's due process and preponderance of the evidence claims are procedurally barred from consideration because they were already raised and considered on direct appeal. *See Riascos–Prado v. United States*, 66 F.3d 30, 33 (2d Cir.1995); *Eubanks v. United States*, 11 F.Supp.2d 455, 460 (S.D.N.Y.1998). The Second Circuit fully analyzed these issues in affirming the judgment against Beatty when it held that "Beatty cannot now challenge his informed decision to proceed pro se during his Fatico hearing," and "the quantity of crack . . . attributable to Beatty was suffi-

ciently established by the district court; consequently we will not overturn its factual finding." *Griffen*, 1999 WL 972675, at *2.

### D. Claim of Grand Jury Abuse

■ The Court will permit Beatty to amend his petition to add a claim for grand jury abuse because the claim relates back to the initial petition pursuant to Fed. R.Civ.P. 15 and the petition was timely filed. *See Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 815 (2d Cir.2000). However, this claim is procedurally barred because Beatty failed to raise this constitutional issue on direct appeal and he has not demonstrated cause for that failure. *See Campino v. United States*, 968 F.2d 187, 189–90 (2d Cir.1992); *Eubanks v. United States*, 11 F.Supp.2d 455, 460 (S.D.N.Y.1998).

■ Even if the claim were not procedurally barred, the Court would deny it on the merits. Judge Schwartz already considered the issue extensively in a previous proceeding in this matter and found that the indictment was supported by competent evidence. *See United States v. Beatty*, 1996 WL 308677, at *2 (S.D.N.Y. June 7, 1996). Moreover, the finding of guilt beyond a reasonable doubt by a petit jury demonstrates that there was probable cause to charge the defendant. *See Bracy v. United States*, 435 U.S. 1301, 1302–03, 98 S.Ct. 1171, 55 L.Ed.2d 489 (1978) (Rehnquist, Circuit J.) (citing *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956)); *Spencer v. United States*, 2000 WL 172636, at *2 (S.D.N.Y. Feb. 14 2000) (citing *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)). Therefore, Beatty's claim of grand jury abuse is denied.

### III. CONCLUSION

For the reasons set forth above, Beatty's petition pursuant to 28 U.S.C. § 2255

is hereby denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253 (as amended by the AEDPA); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–13 (2d Cir.2000). Pursuant to 28 U.S.C. § 1915(a) the Court certifies that any appeal from this Order would not be taken in good faith.