Gabriel BRIGUGLIO,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 81–2305.

United States Court of Appeals,
Third Circuit.

Argued March 3, 1982.
Decided April 2, 1982.

---

Alan Dexter Bowman (argued), Steven H. Gifis, Princeton, N. J., for petitioner-appellant.

William W. Robertson, U. S. Atty., Kenneth Ballen (argued), Asst. U. S. Atty., Newark, N. J., for respondent-appellee.

Before HUNTER, WEIS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Gabriel Briguglio, convicted of federal criminal charges in 1979, petitioned the district court for a new trial under 28 U.S.C. § 2255. The district court denied Briguglio habeas corpus relief [1] without affording him an evidentiary hearing on his claims. Because we conclude that Briguglio was entitled to the hearing he requested, we will remand.

During the trial of the charges against Briguglio, Briguglio's trial counsel (he has new counsel on appeal) was under investigation by the same United States Attorney's Office that was prosecuting the case against Briguglio. Counsel was advised that he was under investigation. Briguglio was not made aware of the situation until after the jury hearing his case found him guilty. Briguglio's counsel was later indict-

ed on, and plead guilty to, a criminal charge before the United States District Court for the District of New Jersey.

Briguglio argues that he is entitled to a new trial because his counsel labored under an actual conflict of interest in at least the following particulars:

1. Counsel's personal anxiety prevented him from zealously pursuing Briguglio's defense.

2. Briguglio's "name was mentioned" (Petitioner-Appellant's Brief at 10) at the trial of counsel's co-defendants.

3. The United States Attorney's Office would not discuss a plea agreement on Briguglio's case with Briguglio's counsel while Briguglio's counsel was under investigation, because "there might [later] be a question as to the validity of the plea." (Affidavit of Jeffrey Speiser, Assistant United States Attorney).

We cannot determine from the present record whether Briguglio's counsel labored under an actual conflict of interest, whether any such conflict may have affected the adequacy of his representation, or whether Briguglio's defense was prejudiced by his counsel's difficulties.

28 U.S.C. § 2255 provides in part:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto . . . .

In *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980), the Supreme Court enunciated the principle that "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance" (footnote

---

1. The case was before this court on direct appeal, Nos. 79–1933 and 79–2421, at which time Briguglio raised many of the issues he raises on

this appeal. His conviction was affirmed, without prejudice to Briguglio's right to raise the instant claims under § 2255.

omitted). Moreover, "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." 446 U.S. at 349–50, 100 S.Ct. at 1718–19.

In *Wood v. Georgia*, 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981), a case involving multiple representation, the Court remanded for evidentiary development in the state courts because the appellate record showed the possibility of a conflict of interest on counsel's part and the absence of opportunity at trial for the defendants to have raised a claim of conflict on the part of their attorney.

"Actual conflict of interest", "actual effect on the adequacy of representation" and "prejudice" are concepts which the federal courts will be required to grapple with and refine on a case-by-case basis. They are difficult issues on the best of records. Although the district court was of the opinion that Briguglio's counsel was "aggressive ... [and] showed no indications during the course of the trial that he was in any way affected in his representation by his then pending legal difficulties," it did not hear evidence on the question, and it did not consider the issue of impairment of counsel's ability to plea bargain, one issue which, in our view, will require especially careful evidentiary scrutiny. The showing made by Briguglio raises a clear possibility of "actual conflict", "actual effect on the adequacy of representation," and "prejudice." However, the record in this case is not sufficient for us adequately to address any of those questions because Briguglio was not afforded the evidentiary hearing he sought.

We will therefore remand the case to the district court for such a hearing, and for further proceedings consistent with this opinion.