Anthony ARMIENTI, Petitioner–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 99–2102.

United States Court of Appeals,
Second Circuit.

Argued Sept. 29, 2000.

Decided Dec. 12, 2000.

Philip R. Schatz, Wrobel, Markham & Schatz, New York, NY, for Petitioner–Appellant.

Peter A. Norling, Assistant United Attorney, Brooklyn, N.Y. (Loretta E. Lynch, United States Attorney, Jo Ann M. Navickas, on the brief) for Respondent–Appellee.

Before JACOBS, STRAUB, AND SACK, Circuit Judges.

## BACKGROUND

SACK, Circuit Judge:

The United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*) denied petitioner's habeas corpus petition without holding an evidentiary hearing. The petition had been brought pursuant to 28 U.S.C. § 2255 on the grounds that petitioner's trial counsel represented petitioner while laboring under a conflict of interest. We hold that an evidentiary hearing was required.

Vacated and remanded for an evidentiary hearing as to whether petitioner's attorney's alleged conflict of interest constituted an actual conflict that adversely affected his performance.

On December 15, 1993, Anthony Armienti was convicted of various firearms offenses following a jury trial before Judge Sterling Johnson, Jr., in the United States District Court for the Eastern District of New York. Armienti was sentenced to 115 months' imprisonment followed by three years of supervised release, and fined $50,-000. He appealed his conviction to this Court alleging that the district court abused its discretion in connection with certain evidentiary rulings. Armienti also challenged the length of his sentence, and the court's denial of his motion for a new trial. We affirmed. *See United States v. Sasso*, 59 F.3d 341 (2d Cir.1995).

On June 13, 1996, Armienti filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction on the ground that his Sixth Amendment right to conflict-free counsel had been violated. The basis for his claim is his assertion that his attorney was, at the time he was defending Armienti, under criminal investigation by the office of the United States Attorney for the Eastern District of New York, the same office that was prosecuting Armienti. Armienti asserts that (1) his lawyer did not inform Armienti of the conflict or seek a waiver during their representation negotiations; (2) Armienti inadvertently discovered the investigation of his lawyer during trial when Armienti inquired about papers that his lawyer was reading; and (3) had Armienti been informed of his right to conflict-free counsel, he would not have waived that right and would have obtained other counsel. Armienti further maintained that upon learning of his lawyer's situation, he asked his lawyer whether the court should be informed of the situation and requested that his lawyer seek a continuance. Armienti claims that his lawyer denied both of these requests and admitted that his personal problems were interfering with his defense of Armienti. Armienti points to several instances during the trial where this conflict allegedly impaired his counsel's ability to provide effective representation.

On January 22, 1999, more than two and one half years after the petition was filed, the district court denied it without holding an evidentiary hearing. Having concluded that Armienti failed to prove either a per se or "actual" conflict of interest, the district court analyzed the claim as one involving a potential conflict of interest. Applying the standards established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court determined through its review of the trial record that Armienti had not shown that his counsel's performance "fell below an objective standard of reasonableness," *id.* at 687, 104 S.Ct. 2052, or that the deficient performance, if any, actually prejudiced Armienti, *see id.*

The district court subsequently denied Armienti's request for a certificate of appealability, but we then granted him such a certificate on two issues: whether he was entitled to (i) an evidentiary hearing or (ii) an opportunity to amend his 28 U.S.C. § 2255 motion to present the issue of whether his attorney's alleged conflict constituted an actual conflict that adversely affected his performance. On October 17, 2000, by summary order, we vacated the judgment of the district court denying Armienti's petition and remanded the case to the court for an evidentiary hearing on whether Armienti's attorney's alleged conflict constituted an actual conflict that adversely affected his performance as Armienti's counsel, and stated that an opinion would follow. *See Armienti v. United States*, 2000 WL 1551804, 2000 U.S.App. LEXIS 26070 (2d Cir.2000) (mem.) This is that opinion.

## DISCUSSION

### I. Standard of Review

■ Because the district court held no hearing on Armienti's petition for a writ of habeas corpus before denying it and made no findings of fact to which we must give deference, we review the denial de novo. *See Farrington v. Senkowski*, 214 F.3d 237, 240 (2d Cir.2000).

### II. The Right to an Evidentiary Hearing

■ The question on this appeal is whether the district court properly denied Armienti's petition without an evidentiary hearing. Under 28 U.S.C. § 2255, "[U]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Rule 4(b) of the Rules Govern-

ing Section 2255 Proceedings For the United States District Courts states that only "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal."

> To prevail on his motion for a hearing, [Armienti] must establish that he has a "plausible" claim of ineffective assistance of counsel. At this preliminary stage he is not required to establish that he will necessarily succeed on the claim, and indeed, if he could presently prove that proposition, no hearing would be necessary.

*United States v. Tarricone*, 996 F.2d 1414, 1418 (2d Cir.1993) (citing *United States v. Matos*, 905 F.2d 30, 33–34 (2d Cir.1990); additional citation omitted); *see also Ciak v. United States*, 59 F.3d 296, 307 (2d Cir.1995) (holding that hearing should be granted where "[p]etitioner alleged facts, which, if found to be true, would have entitled him to habeas relief"); *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir.1987) (holding that hearing is appropriate when application contains "assertions of fact that a petitioner is in a position to establish by competent evidence").

### III. Sixth Amendment Right to Conflict–Free Representation— Frame of Analysis

██ "A defendant's Sixth Amendment right to counsel includes a right to conflict-free representation." *United States v. Rogers*, 209 F.3d 139, 143 (2d Cir.2000); *see also Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981) ("Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest."); *United States v. Levy*, 25 F.3d 146, 152 (2d Cir.1994) (same). Assertions of the right to conflict-free counsel are of four different varieties: (a) that the district court's knowledge of a possible conflict imposed upon it a duty of inquiry; (b)

that there was a "per se" conflict; (c) that there was an actual conflict; and (d) that there was a potential conflict.

### A. District Court's Inquiry Obligation

██ When, during the course of a criminal proceeding to which the defendant has a right to counsel, the court "is sufficiently apprised of even the possibility of a conflict of interest, the court . . . has an 'inquiry' obligation," *Levy*, 25 F.3d at 153, and must disqualify the attorney or obtain a waiver from his or her client if the inquiry reveals that an actual or potential conflict exists, *see id.* See also *United States v. Lussier*, 71 F.3d 456, 461 (2d Cir.1995) ("When a district court learns of even the possibility of a conflict of interest, it must inquire into the details of the attorney's interests to determine whether the conflict is actual, potential, or nonexistent."), *cert. denied*, 517 U.S. 1105, 116 S.Ct. 1321, 134 L.Ed.2d 474 (1996). "The Sixth Amendment requires automatic reversal . . . when a trial court fails to conduct an inquiry after either a timely conflict objection, or if the court knows or reasonably should know [that] a particular conflict exists." *Levy*, 25 F.3d at 154 (quoting *United States v. Burney*, 756 F.2d 787, 791 (10th Cir.1985) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 347, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)) (internal quotation marks and other citations omitted)); *see also Lussier*, 71 F.3d at 461 (same).

### B. Per Se Conflict of Interest

██ Automatic reversal is also required when there is a "per se" conflict of interest, i.e., one that does not as a matter of law admit of harmless-error analysis. Per se conflicts are limited to situations where trial counsel is not authorized to practice law, *see Solina v. United States*, 709 F.2d 160, 164 (2d Cir.1983), or is implicated in the very crime for which his or her client is on trial, *see United States v. Cancilla*, 725 F.2d 867, 870 (2d Cir.1984). *See also Waterhouse v. Rodriguez*, 848 F.2d 375,

383 (2d Cir.1988), *cert. denied*, 493 U.S. 1003, 110 S.Ct. 564, 107 L.Ed.2d 558 (1989) (refusing to extend per se rule "beyond the sort of egregious conduct present in *Solina* and *Cancilla*.").

### C. Actual Conflict of Interest

■ Even if automatic reversal is not required because the district court did not violate its inquiry obligation and no per se conflict exists, reversal may still be required if the defendant establishes the existence of the third facet of conflict-free representation—an actual conflict of interest. There is an actual conflict between lawyer and client "when, during the course of the representation, the attorney's and defendant's interests 'diverge with respect to a material factual or legal issue or to a course of action.'" *Winkler v. Keane*, 7 F.3d 304, 307 (2d Cir.1993) (quoting *Cuyler*, 446 U.S. at 356 n. 3, 100 S.Ct. 1708). When counsel is burdened by an actual conflict that adversely affects performance, the defendant is not required to demonstrate prejudice; prejudice is presumed. *See Levy*, 25 F.3d at 155 (citing *Winkler*, 7 F.3d at 307). To prove adverse effect, the defendant must "demonstrate that some 'plausible alternative defense strategy or tactic might have been pursued,' and that the 'alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.'" *Levy*, 25 F.3d at 157 (quoting *Winkler*, 7 F.3d at 309).

> This is not a test that requires a defendant to show that the alternative strategy or tactic not adopted by a conflicted counsel was reasonable, that the lapse in representation affected the outcome of the trial, or even that, but for the conflict, counsel's conduct of the trial would have been different. Rather, it is enough to show that a conflict existed that "was inherently in conflict with" a plausible line of defense or attack on the prosecution's case.

*United States v. Malpiedi*, 62 F.3d 465, 469 (2d Cir.1995) (quoting *Levy*, 25 F.3d at 157); *see also Winkler*, 7 F.3d at 309 (explaining that the defendant need not show that the defense would have been successful if the strategy had been used, but only that it possessed sufficient substance to be a viable alternative and was inherently in conflict with the attorney's other loyalties or interests).

### D. Potential Conflict

■ Finally, claims of counsel's conflict of interest that do not qualify as per se or actual are ordinarily treated as "potential" conflicts. In order to prevail on such a claim, the petitioner must establish both that counsel's conduct fell below an objective standard of reasonableness and that but for this deficient conduct, the result of the trial would have been different, under the familiar standard established by *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court decided, wrongly we now hold, that Armienti's claim was for a potential conflict of interest and therefore governed by *Strickland*.

## IV. Application to Armienti's Claim

■ Armienti does not allege a per se conflict of interest. And, although he asserts that the district court had an inquiry obligation, we denied his motion for a certificate of appealability on this issue because Armienti did not make a substantial showing that the district court was aware of a possible conflict of interest at the time of trial. We will not address a claim not included in the certificate of appealability. *See Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir.2000) (citing 28 U.S.C. § 2253(c)(3) and *Soto v. United States*, 185 F.3d 48, 53 (2d Cir.1999)). Armienti is therefore not entitled to an automatic reversal of his conviction.

■ Armienti does, however, present a plausible claim that his lawyer had an actual conflict of interest. The lawyer was being criminally investigated by the same United States Attorney's office that was prosecuting Armienti. The interests of

lawyer and client may therefore have diverged with respect to their dealings with that office. Armienti alleges numerous instances of specific deficiencies that he argues were the product of the conflict. Among these are his lawyer's failure to conduct further investigation, failure to vigorously cross-examine the government's witnesses, and failure to make various objections. Armienti also alleges that his lawyer's own criminal investigation caused him to devote less time to his representation of Armienti and to be ill-prepared and distracted at trial. And Armienti alleges that his lawyer misadvised him not to talk to the probation department at the time of his sentencing. A lawyer in these circumstance, while dealing on behalf of his client with the office that is prosecuting him personally may, consciously or otherwise, seek the goodwill of the office for his own benefit. A lawyer's attempt to seek the goodwill of the prosecutor may not always be in the best interest of the lawyer's client.

We therefore conclude that Armienti made a sufficient showing to require the district court to hold an evidentiary hearing to determine whether there was an actual conflict of interest and, if so, whether the conflict adversely affected his lawyer's performance. *See Briguglio v. United States*, 675 F.2d 81, 82 (3d Cir.1982) (holding that where trial counsel was under investigation by same United States Attorney's office that was prosecuting counsel's client, evidentiary hearing was required to determine if "counsel labored under an actual conflict of interest, whether any such conflict may have affected the adequacy of his representation, or whether [the client] was prejudiced by his counsel's difficulties."); *see also United States v. McLain*, 823 F.2d 1457, 1463–64 (11th Cir.1987) (holding that when trial counsel was under investigation by same United States Attorney's office that was prosecuting counsel's client, under circumstances presented, an actual conflict of interest existed); *cf. Levy*, 25 F.3d at 156 (holding that a conflict based on the attorney's status as a defendant in an unrelated criminal proceeding amounted to an actual conflict of interest).

These issues implicate actions taken by counsel outside the presence of the trial judge and therefore could not ordinarily be resolved by him without such a hearing. "[T]he motion and the files and records of the case" do *not* "conclusively show that [Armienti] is entitled to no relief." 28 U.S.C. § 2255.

## CONCLUSION

The judgment of the district court denying the petition for habeas corpus is vacated and the case remanded for an evidentiary hearing to determine whether Armienti's attorney had an actual conflict of interest with Armienti and whether such a conflict, if one existed, adversely affected the attorney's performance.