SUMMARY ORDER

Petitioner-appellant Edgar Quinones (“Quinones”) appeals from a February 26, 2007 denial of a petition for habeas corpus in the United States District Court for the Eastern District of New York (Korman, J.). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
Quinones contends that the evidence at his state court trial was insufficient to support his conviction because the identification lineup, in which Quinones was the only visibly tattooed individual present, should have been constitutionally suppressed as unduly suggestive under United States v. Wade, 388 U.S. 218, 239-41, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and unreliable under Raheem v. Kelly, 257 F.3d 122 (2d Cir.2001). He also argues that the failure to sever the present matter from a separately charged crime at trial created a “spillover effect” that prejudiced the verdict and invalidated the evidence against him.
Because the district court limited the certificate of appealability to the “sufficiency of the evidence” without referencing a lineup or severability issue, both claims are outside the certificate’s scope. See Armienti v. United States, 234 F.3d 820, 824 (2d Cir.2000) (“We will not address a claim not included in the certificate of ap-pealability.”); 28 U.S.C. § 2253(c)(3). Further, Quinones failed to raise the claims as “independent ground[s] for habe-as relief in his petition to the district court.” Chalmers v. Mitchell, 73 F.3d 1262, 1268 n. 1 (2d Cir.1996) (noting that the failure to raise a claim as an independent ground in a habeas petition to the district court precludes it from being considered as an independent claim on appeal).
The claims are also unexhausted. See Jones v. Keane, 329 F.3d 290, 295 (2d Cir.2003) (“The requirement for exhaustion is ... fulfilled when the state court has a fair and meaningful chance to grant *436 relief on what is substantially the same claim raised in federal court.” (citing O’Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999))). See also 28 U.S.C. § 2254(b)(1). Although Quinones did identify a weakness in the lineup in his brief to the Appellate Division, he did not cite any federal or state “cases employing constitutional analysis,” assert “the claim in terms so particular as to call to mind a specific [constitutional] right,” or allege a “pattern of facts” pointing clearly to “constitutional litigation.” Daye v. Attorney Gen., 696 F.2d 186, 194 (2d Cir.1982) (en banc). He did not assert the severability claim in state court at all. As a result, Quinones did not allege in the state court proceedings “all of the essential factual allegations” and “essentially the same legal doctrine he [now] asserts in his federal petition.” Id. at 191-92.
Thus, because the lineup and sever-ability claims were not included in the certificate of appealability, were not raised independently in the district court, and were not exhausted in state court, we will not consider them now.
Finally, the state courts deemed Quinones’s general legal sufficiency argument — based only on the witness’s confusing and contradictory identification testimony against him — unpreserved because of a failure to comply with New York’s contemporaneous objection rule. See People v. Udzinski, 146 A.D.2d 245, 246-47, 541 N.Y.S.2d 9 (2d Dep’t 1989). This itself is an “adequate and independent state ground” that precludes our review. Levine v. Comm’r of Corr. Servs., 44 F.3d 121, 126 (2d Cir.1995). Nevertheless, even if we reached the merits of Quinones’s argument, habeas relief would be unavailable because the Appellate Division’s ruling on the merits was not “contrary to, or involv[ing] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.” 28 U.S.C. § 2254(d)(1). The state court rightly considered whether “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (cited in People v. Contes, 60 N.Y.2d 620, 467 N.Y.S.2d 349, 454 N.E.2d 932 (1983)). We agree with the state and district courts that questions of eyewitness identifications are generally reserved for the jury. See Manson v. Brathwaite, 432 U.S. 98, 116, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Thus, the state court’s application of that standard was not unreasonable. Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir.2000) (“Some increment of incorrectness beyond error is required” for a state court decision to be an unreasonable application).
For the foregoing reasons, the judgment of the district court is AFFIRMED.