11-1878-pr
Harris v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand fourteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges*.
-----------------------------------------------------------------------
ANTHONY D. HARRIS,
                    *Petitioner-Appellant*,


          v.                                              No. 11-1878-pr


UNITED STATES OF AMERICA,
                    *Respondent-Appellee*.
-----------------------------------------------------------------------
FOR APPELLANT:              Ryan Thomas Truskoski, Esq., Harwinton, Connecticut.

FOR APPELLEE:               Anthony E. Kaplan, Edward Chang, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 18, 2011, is AFFIRMED.

Petitioner Anthony Harris appeals from the denial of his motion pursuant to 28 U.S.C. § 2255 to vacate his conviction for possession with intent to distribute five grams or more of cocaine base, see 21 U.S.C. § 841(b)(1)(B), carrying a firearm in furtherance of a drug trafficking offense, see 18 U.S.C. § 924(c)(1)(A), and possessing a firearm as a convicted felon, see id. § 922(g)(1). Pursuant to a certificate of appealability granted by the district court, Harris contends that his appellate counsel was constitutionally ineffective in failing to argue that probable cause was lacking to support the warrantless search of his car, which omission caused him actual prejudice. See Strickland v. Washington, 466 U.S. 668, 688, 692–94 (1984); see also Smith v. Murray, 477 U.S. 527, 536 (1986) (holding Strickland standard applicable to both trial and appellate counsel).[1] On appeal from the denial of § 2255 relief, we review the district court's factual findings for clear error and its conclusions of law de novo. See Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012). When we do that here, we conclude that Harris's ineffective assistance claim fails

---

[1] Insofar as Harris raises other arguments not within the district court's certificate of appealability, we will not address such claims, see Armienti v. United States, 234 F.3d 820, 824 (2d Cir. 2000), particularly where, as here, they are raised for the first time in a reply brief, see LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995).

the prejudice prong of <u>Strickland</u> review because the challenged search was supported by probable cause. <u>See</u> <u>id.</u> at 130 ("[A] petitioner cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit.").[2] We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

An exception to the Fourth Amendment's general warrant requirement applies when the place to be searched is a motor vehicle and officers have probable cause to believe that the vehicle contains contraband or other evidence of a crime. <u>See</u> <u>United States v. Ross</u>, 456 U.S. 798, 820–21 (1982); <u>accord</u> <u>United States v. Wilson</u>, 699 F.3d 235, 245 (2d Cir. 2012). Probable cause is a "fluid" standard requiring not "hard certainties," but only "a fair probability that contraband or evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 231–32, 238 (1983) (internal quotation marks omitted); <u>see</u> <u>Florida v. Harris</u>, 133 S. Ct. 1050, 1055 (2013) (observing that probable cause is "practical," "common-sensical," "all-things-considered" standard). A probability determination focuses on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." <u>Brinegar v. United States</u>, 338 U.S. 160, 175 (1949). At the same time, "courts recognize that experience and training may allow a law enforcement officer to discern probable cause

---

[2] The two prongs of <u>Strickland</u> review may be considered independently and in either order. <u>See</u> 466 U.S. at 697. Since prejudice is lacking in this case, we need not consider the first prong.

from facts and circumstances where a layman might not." United States v. Gaskin, 364 F.3d 438, 457 (2d Cir. 2004).

Here, a number of facts established a fair probability for police officers to think that contraband or criminal evidence would be found in Harris's car, particularly in its glove compartment. Notably, when police initially signaled Harris to pull over for speeding, they saw that, as he slowed down, he leaned forward and toward the right, i.e., in the direction of the glove compartment. Indeed, after his arrest, Harris confirmed that he was reaching to open the compartment. That Harris was not doing so in anticipation of complying with the officers' directive was soon demonstrated by his rapid acceleration of his car, which he proceeded to drive recklessly and at a high speed in fleeing from the police. We have long recognized furtive activity and flight as supportive of probable cause to search a vehicle once it is stopped. See United States v. Christophe, 470 F.2d 865, 868–69 (2d Cir. 1972); see also United States v. Oliver, 363 F.3d 1061, 1068–69 (10th Cir. 2004) (identifying driver's attempted flight as supportive of probable cause to search package in car). The fact that Harris eventually abandoned his car and discarded items that could link him to the vehicle, notably his car keys, reinforced the probability that the vehicle contained incriminating evidence. When Harris was arrested, he was found in possession of significant cash, approximately $3500, folded and bundled in a manner that an officer testified was suggestive of retail drug trafficking. Moreover, when police took custody of his abandoned car, they found the glove compartment locked. These

4

circumstances combined to support a fair probability that contraband or criminal evidence would be found in Harris's car and particularly in the locked glove compartment.  See California v. Acevedo, 500 U.S. 565, 580 (1991); see also Arizona v. Gant, 556 U.S. 332, 347 (2009) (noting that "[i]f there is probable cause to believe a vehicle contains evidence of criminal activity," automobile exception "authorizes a search of any area of the vehicle in which the evidence might be found").

In sum, because the warrantless search of Harris's car was supported by probable cause, he cannot demonstrate that he was prejudiced by his appellate counsel's failure to raise a Fourth Amendment challenge to his conviction on direct appeal.   Thus, the district court correctly denied Harris § 2255 relief on this ground.

We have considered Harris's remaining arguments with respect to the certified questions, and we reject them as without merit.   Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court
