Curshen v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fifteen.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

———————————————————————

Jonathan R. Curshen,

> *Petitioner-Appellant*,

v.                                                                          13-2994

United States of America,

> *Respondent-Appellee*.

———————————————————————


**FOR PETITIONER-APPELLANT:**      Jonathan R. Curshen, pro se, Fort Dix, NJ.

**FOR RESPONDENT-APPELLEE:**      John T. Zach, Michael A. Levy, Assistant United
                                                         States Attorneys, *for* Preet Bharara, United States
                                                         Attorney for the Southern District of New York,
                                                         New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the order of the district court is **VACATED** and **REMANDED**.

Appellant Jonathan Curshen, proceeding pro se, appeals from the July 25, 2013 order of the district court denying him relief pursuant to 28 U.S.C. § 2255. On December 2, 2013, we granted a certificate of appealability on Curshen's ineffective assistance of counsel claims, including a conflict of interest claim. Liberally construed, Curshen's brief challenges only the district court's denial of his conflict of interest claim. Therefore, we deem Curshen to have waived his other ineffective assistance claims. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing the denial of relief under § 2255, we review findings of fact for clear error and conclusions of law de novo. *Scanio v. United States*, 37 F.3d 858, 859 (2d Cir. 1994). We review the denial of an evidentiary hearing for abuse of discretion. *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001).

A district court should grant a prompt hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, to be entitled to a hearing, a movant must allege a "plausible or viable" claim. *See United States v. Tarricone*, 996 F.2d 1414, 1418 (2d Cir. 1993). The scope of that hearing is within the district court's discretion, and the district court may employ methods

2

other than conducting a "full-blown testimonial hearing," such as ordering expansion of the record. *Chang*, 250 F.3d at 86. "[E]xcept in highly unusual circumstances," a district court should not resolve an off-the-record claim of ineffective assistance of counsel without "testimony, affidavits, or briefs" from the allegedly ineffective attorney. *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998).[1] Because a conflict of interest "implicate[s] actions taken by counsel outside the presence of the trial judge and therefore [cannot] ordinarily be resolved" without a hearing, *Armienti v. United States*, 234 F.3d 820, 825 (2d Cir. 2000), remand is ordinarily appropriate if there are no affidavits, evidence, or testimony in the record relating to counsel's performance, *see Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998). However, remand is unnecessary if it would result in "a waste of judicial time," such as when a movant has not alleged a claim or when the record evidence demonstrates otherwise. *See Jackson v. Leonardo*, 162 F.3d 81, 86 (2d Cir. 1998).

To plausibly state an actual conflict of interest claim, a movant need only allege "(1) an actual conflict of interest that (2) adversely affected his counsel's performance." *See United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002). Counsel has an actual conflict if "during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *Winkler v. Keane*, 7 F.3d 304, 307 (2d

---

[1] The Government argues that *Sparman* stands only for the proposition that a district court must not grant an ineffective assistance of counsel claim without first permitting counsel to be heard. It is true that we have noted that, "before making any determination that counsel was incompetent, [the district court] should provide counsel with [an] opportunity [to testify or present evidence]," *United States v. Dukes*, 727 F.2d 34, 41 n.6 (2d Cir. 1984), but we have stated that an explanation from counsel will ordinarily be necessary where, as here, a claim of ineffective assistance of counsel is "serious enough to require an evidentiary hearing," *id*. at 41.

3

Cir. 1993) (internal quotation marks omitted). An actual conflict "adversely affect[s] counsel's performance" if "some plausible alternative defense strategy or tactic might have been pursued, and . . . the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Schwarz*, 283 F.3d at 92 (internal quotation marks omitted). A movant need not allege that the outcome of his trial would have been different; a plausible defense strategy is a strategy that could have been pursued even if, in all likelihood, it would have failed. *Id.*

Here, Curshen alleged a plausible conflict of interest claim, and the available record did not conclusively foreclose his entitlement to relief. Curshen's § 2255 motion asserted that his attorney, Anthony Lombardino, concurrently represented Michael Krome, which resulted in an actual conflict of interest that adversely affected Lombardino's performance. In support of his claim, Curshen stated that the Securities and Exchange Commission deposed Krome in early 2008 in an investigation of CO2 Tech, Ltd. Curshen alleged that Lombardino learned in October 2008 that Curshen was also implicated in the investigation of CO2 Tech, Ltd. According to Curshen's motion, Krome cooperated with the Government and was entered as a witness for the prosecution in a case filed against Curshen in the Southern District of Florida. Curshen argued that, as a result of this dual representation, Lombardino could not effectively represent him in maintaining his innocence in proceedings leading up to and including trial, and instead persuaded him to plead guilty. The available record from the prior district court proceedings did not contradict these allegations.

The district court erred by summarily denying Curshen's § 2255 motion without determining whether to hold a "full-blown testimonial hearing" or employ other methods

4

authorized by § 2255. Although the district court cited the correct standard for an actual conflict of interest claim, it erroneously required a showing of prejudice. The district court ruled that proceeding to trial would have been an implausible defense strategy given the overwhelming evidence of Curshen's guilt. But, as we have made clear, an alternative defense strategy is plausible even if unreasonable. *See Schwarz*, 283 F.3d at 92 ("The forgone strategy or tactic is not even subject to a requirement of reasonableness.").

The alternative rationale put forward by the Government does not support affirmance of the district court's decision. The Government argues that Lombardino's alleged conflict of interest could not have adversely affected the performance of Curshen's counsel because Lawrence Ruggiero, not Lombardino, represented Curshen when he decided to plead guilty. But the record does not indisputably bear out this proposition. Curshen's declaration implies that Lombardino and Ruggiero provided concurrent representation and that Lombardino's personal involvement in representing Curshen ended during the period that he pleaded guilty under the plea agreement. Indeed, although Curshen's declaration suggests that his interactions with counsel during the period immediately preceding his decision to plead guilty were all with Ruggiero, only Lombardino's name appears as the attorney for Curshen on the typed signature line of the plea agreement. In addition, Lombardino's associate, Marc Jelen, appeared for Curshen during the plea hearing. Finally, Jelen—not Ruggiero (who appears to have served as co-counsel)—signed the plea agreement. It is axiomatic that "[a]n attorney's conflicts are ordinarily imputed to his firm based on the presumption that 'associated' attorneys share client confidences." *Hempstead Video, Inc. v. Inc. Village of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005). Although this presumption is rebuttable, *id.* at 133, the record does not clearly reveal

5

the relationship between Lombardino and Jelen, or the confidences and interests that may have been shared. Nor does the record disclose whether Ruggiero's advice was entirely independent of Lombardino, or was influenced by conversations with the conflicted lawyer.

For the foregoing reasons, we **VACATE** the district court's order and **REMAND** for proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6