18-526-pr
*Lobacz v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the sixth day of March, two thousand nineteen.

PRESENT:   BARRINGTON D. PARKER,
           DENNY CHIN,
           RICHARD J. SULLIVAN,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FRANK LOBACZ,

                   *Petitioner-Appellant*,

           v.                                                    18-526-pr

UNITED STATES OF AMERICA,

                   *Respondent-Appellee*.

- - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:         JOHN F. KALEY, Doar Rieck Kaley & Mack, New York, New York.

FOR RESPONDENT-APPELLEE:          J. MATTHEW HAGGANS, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Richard P.

Donoghue, United States Attorney
for the Eastern District of New York,
Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-appellant Frank Lobacz appeals from the district court's memorandum and order filed January 18, 2018, denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Lobacz argues that his counsel's failure to move to sever the healthcare fraud counts from the pension plan fraud and tax fraud counts constituted a per se violation of his Sixth Amendment right to effective assistance of counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On November 12, 2010, Lobacz was convicted of two counts of healthcare fraud, one count of filing a false Internal Revenue Service Form 550, and three counts of income tax evasion. On June 22, 2016, Lobacz timely filed a habeas petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 2010 conviction. Relevant to this appeal, Lobacz claimed that his counsel was per se ineffective for failing to move for a severance of the healthcare fraud counts under Federal Rule of Criminal

Procedure 14(a).[1] The district court denied Lobacz's petition, reasoning that Lobacz's claims did not fit within the two limited situations where per se ineffective assistance of counsel claims have been recognized. In addition, the district court held that, while the counts "may not have been properly joined," Lobacz's claim failed the test for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), because the failure to move to sever could have been strategic, the evidence against Lobacz was "overwhelming on all counts," and "the jury was appropriately instructed to consider each count separately." Def. Appx. at 97-100.

On February 16, 2018, Lobacz filed a timely notice of appeal. On February 23, 2018, the district court issued a certificate of appealability, pursuant to Rule 11 of the Rules Governing § 2255, for the following question: "[W]hether [Lobacz's] counsel['s] failure to move for a severance is a per se violation of his Sixth Amendment right to counsel, *i.e.*, that [Lobacz] need not make a particularized showing of prejudice pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984)." Def. Appx. at 109.

## DISCUSSION

"On appeal from a district court's denial of habeas relief under 28 U.S.C. § 2255, we review factual findings for clear error and conclusions of law *de novo*." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012).

---

[1]     Lobacz also argues that his counsel was ineffective because he failed to investigate and present witnesses and evidence. This issue was not certified for appeal.

- 3 -

The Sixth Amendment grants criminal defendants the right to the effective assistance of counsel. *Strickland*, 466 U.S. at 686. In general, a defendant claiming ineffective assistance must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* at 687. We have, however, recognized two limited situations constituting per se ineffective assistance where the defendant need not show particularized prejudice: when counsel is either "(1) not duly licensed to practice law . . . or (2) implicated in the defendant's crimes." *United States v. Rondon*, 204 F.3d 376, 379-80 (2d Cir. 2000) (per curiam). In recognizing these two per se situations, we reasoned that the former situation creates a jurisdictional bar to a valid conviction, while the latter situation creates a serious conflict of interest. *Id.* at 380-81.

Here, Lobacz's counsel was not per se ineffective for failing to move to sever the healthcare fraud counts from the pension plan fraud and tax fraud counts under Rule 14(a). Lobacz's claim is clearly not within the limited per se situations that we have previously recognized: Lobacz claims neither that his counsel was not licensed, nor that his counsel was implicated in his crimes. Lobacz, therefore, asks us to extend our per se ineffectiveness rule.

We are, however, "reluctant to extend a rule of *per se* prejudice in any new direction." *Tippins v. Walker*, 77 F.3d 682, 686 (2d Cir. 1996). In fact, beyond the two limited situations articulated in *Rondon*, "[i]n every other situation, we have refused to apply the *per se* rule." *Rondon*, 204 F.3d at 380 (collecting cases). In addition, there is no

- 4 -

basis for creating a new rule here. The fact that Lobacz's counsel failed to move for severance is not tantamount to having "no counsel at all," and it does not present a "'conflict of interest' that would prevent zealous representation, such that his representation could be deemed *per se* deficient." *United States v. Griffiths*, 750 F.3d 237, 242 (2d Cir. 2014) (per curiam) (providing rationale for rejecting a new per se rule).

Moreover, under Rule 14(a), severance is not required even if prejudice is shown. Fed. R. Crim. P. 14(a) ("If the joinder of offenses . . . appears to prejudice a defendant . . . , the court *may* . . . sever the defendants' trials, or provide any other relief that justice requires." (emphasis added)); *see Zafiro v. United States*, 506 U.S. 534, 538-39 (1993) ("Rule 14 does not require severance even if prejudice is shown."). And the misjoinder of claims alone is not prejudicial. *See United States v. Lane*, 474 U.S. 438, 449 (1986) ("[W]e do not read Rule 8 to mean that prejudice results *whenever* its requirements have not been satisfied."). Prejudice, therefore, cannot be presumed simply where counsel failed to move for severance under Rule 14(a) because Rule 14(a) does not require severance, and misjoinder alone is not prejudicial.

Lobacz argues that the per se rule should be extended here because the ineffectiveness was so "blatant and elemental" and the prejudice "was so great." Appellant's Br. at 30. This argument, however, asks us to evaluate Lobacz's claim under *Strickland*. But, our review is confined to the "specific issue or issues" that the district court certified for appeal. Rules Governing § 2255 Proceedings, Rule 11; *see Armienti v.*

*United States*, 234 F.3d 820, 824 (2d Cir. 2000) ("We will not address a claim not included in the certificate of appealability.").  Here, the district court only certified the issue of per se ineffectiveness -- *i.e.*, whether a particularized showing of prejudice is required.  To consider the elements of *Strickland* -- *i.e.*, whether Lobacz is prejudiced on the facts of his case -- would be to consider issues not certified for appeal.

Even assuming we could consider Lobacz's claim under *Strickland*, his claim would fail because he was not prejudiced by his counsel's failure to move to sever the healthcare fraud counts.  The district court properly found that "the evidence against Lobacz was overwhelming on all counts," Def. Appx. at 97-99, and therefore there is no "reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different," *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).  Accordingly, we hold that the district court properly denied Lobacz's per se ineffectiveness claim.

* * *

We have considered Lobacz's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 6 -